UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF
FLORIDA, TAMPA DIVISION

CASE NO.: 8:18-cv-00986-SDM-CPT

MARCUS BODIE, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

SEVEN ONE SEVEN PARKING
SERVICES, INC.,

    Defendant.
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MARCUS BODIE, individually and on behalf of all others similarly situated, and Defendant, SEVEN ONE SEVEN PARKING SERVICES, INC., (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement is attached as Exhibit "A."

**I.**     **Relief Requested**

The Parties respectfully request that this Honorable Court enter an Order approving the terms of the Parties' settlement and dismissing this action with prejudice.

**II.**     **Basis for the Request**

This case involves a claim for underpayment of the required Minimum wage for the Plaintiffs. The named Plaintiff and opt in Plaintiffs (collectively the "Plaintiffs") worked for Defendant as tipped, hourly paid employees. Plaintiffs alleged that Defendant utilized an

unlawful record keeping practice, and combined with complaints by Plaintiffs and others, that Defendant knew or should have known that Plaintiffs routinely received less than the full minimum wage each week.  Plaintiffs claim that Defendants violated the FLSA and the Florida Minimum Wage Act and Article X, Section 24 of the Florida Constitution by not supplementing their weekly wages when the tips and base pay failed to meet the requisite minimum wage in Florida.  Defendant denied Plaintiffs' allegations and has timesheets and pay records that Defendant believes demonstrates that Plaintiffs made at least the applicable minimum wage at all times, and Defendant provided records to Plaintiffs' counsel to review.

The Parties held numerous in-depth discussions on liability, damages and exchanged information on their positions, including the aforementioned timesheets and pay records, and case law on point, and the Parties attended mediation before respected employment law mediator, Mark Hanley, Esq.  Defendant denies all liability but has agreed to settlement to amicably resolve this matter and preclude it from incurring additional attorney's fees and costs moving forward with respect to litigation of this matter.  Defendant has agreed to pay $8,250 to Plaintiffs for this FLSA case.

The Parties also agreed that Defendant will pay Plaintiffs' counsel as reasonable attorney's fees (including costs), the sum of $16,250 for this FLSA case.  This is also inclusive of former Plaintiff's counsel's attorney's fees and costs.  Plaintiffs' attorneys have done a substantial amount of work on this FLSA case, including voluminous records review, multiple conferences with Plaintiffs, multiple conferences with Defendant's counsel, drafting multiple versions of the Complaint, drafting multiple collective action certification motions, damage modeling and attending mediation, and then continually negotiating with Defendant

thereafter. Plaintiffs have also been represented by two separate law firms throughout the pendency of this FLSA case, and the above reasonable costs and attorney's fees amount are as well being used to compensate both law firms for their work done on this FLSA case since its inception.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by experienced employment law and wage and hour attorneys throughout the litigation and settlement process. The Parties first negotiated and agreed upon an amount to be paid to Plaintiffs' for their wages, independent and separate from the amount Defendant subsequently agreed to pay for attorney's fees. The parties also negotiated a compromise in the amount of Plaintiffs attorney's fees which Defendant agree is a fair and reasonable resolution of this part of Plaintiffs claim. Thus, these separate agreements are consistent with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009), and the amount to be paid for wages is not compromised or affected by the separate amount Defendant agreed to pay for attorney's fees.

### III.   **Memorandum of Law**

There are two ways in which claims under the Fair Labor Standards Act of 1938 ("FLSA") can be settled and released by employees. First, section 216(c) of the FLSA allows an employee to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and

release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters an Order approving the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gandi,* 66 S.Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In the Eleventh Circuit, circumstances justifying court approval of an FLSA settlement in a litigation context include:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against Defendant.

The Parties agree that the instant action involves disputed issues. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and Defendant discussed Plaintiffs' alleged unpaid wages based on all of Plaintiffs' claims and Defendant's denial of

same and defenses thereto. The Parties then engaged in detailed settlement discussions, based upon their independent analyses of the facts of the matter. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

This case has brought about a change in Defendant's pay practices, which is a factor for the court to consider in the results obtained by Plaintiff. Since receiving the demand letter in this case from Plaintiffs' counsel, Defendant assessed their valets at Brandon Regional Hospital where the Plaintiffs worked, and Defendant decided to no longer utilize any tip credit for these valets. Because Defendant did not track and record the actual tips earned by each Plaintiff, and instead used an assumed tip amount unless the valet disputed the standardized, estimated tip, the amount of damages, if any, was extremely difficult to assess. However, based upon the declarations of the Plaintiffs, and review of the records provided, Plaintiffs are each receiving payment of an amount which covers them for underpayment of minimum wages based upon all their eligible workweeks, without consideration of whether in any given workweek, Plaintiffs may have earned more than the requisite amount to cover the amount of the tip credit. Said differently, for each workweek, each Plaintiff herein is recovering approximately .40 for every hour worked, and on average while working 25 hours per week, upwards of over $10.00 for every week worked, even if their actual tips exceeded the tip credit any given workweek.

The purpose of the court's evaluation of an FLSA settlement is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the

settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. As one district court within the Eleventh Circuit observed:

> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

The Court in *Bonetti* further explained that, where the plaintiff's attorney fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id.* at 1228; *see also Mack, et al v. CVS Caremark Corp., et al,* No. 1:12-cv-01808-SCJ (N.D. Ga. Aug. 2, 2013) (Jones, J.) (Doc. 59) (citing *Bonetti,* 715 F. Supp. 2d at 1228, and granting the parties' joint motion for approval of settlement agreement without analyzing reasonableness of attorneys' fees, where the parties agreed that the attorneys' fees were negotiated separately from the amounts to be received by plaintiffs).

**C.     Argument.**

This case clearly involves a dispute in which the Court may allow Plaintiff in this action to settle and release his FLSA (and Florida Minimum Wage law) claims against Seven One Seven Parking Services Inc.  First, the proposed settlement arises in an adversarial context, with pending litigation and with the parties represented by competent and experienced counsel in FLSA claims.  Indeed, the parties have participated in an extensive fact investigation, and conducted a comprehensive review of Plaintiff's available pay and time data, in order to develop the factual and legal issues impacting the parties' claims and defenses.

Additionally, the FLSA claims asserted against Defendant involve bona fide disputes about FLSA liability and damages and, consequently, the Agreement represents a reasonable compromise of the disputed issues.  Plaintiff Bodie claimed that he routinely worked shifts in which his total tips did not equate to the amount of the $3.02 tip credit, such that he fell below the required minimum wage when adding his cash wage to the tips.  However, neither side had contemporaneous records of the actual tips earned for any of the workweeks at issue.  On the other hand, Defendant had supplemented the minimum wages owed to at least one Plaintiff for a period of time she claimed to have earned less than $3.02 per hour, after presenting complaints to Defendant and disputing the auto-filled in time sheets.  Thus, Defendant maintains that the Plaintiffs would have first, and foremost, for each and every week identify the amount they did actually receive in tips, in order for Defendant to determine any amount owed in minimum wages.

Defendant asserted it had obtained a legal opinion that its pay practice and record keeping practice met the FLSA standards, and thus it satisfied the good faith defense against any award of liquidated damages.

However, without making an admission regarding the propriety of liquidated damages concerning Plaintiff or any other Valet, Seven One Seven has agreed to provide a reasonable compromise to include liquidated damages despite the belief that had the parties continued on with litigation, the Court would find such damages not awardable.

The settlement amount was obtained through arm's length, good faith negotiations over a half-day mediation, before a skilled and experienced mediator. In exchange, Plaintiff agreed to release all claims related to his claims for unpaid minimum wages under the FLSA and Florida Minimum Wage laws, and agreed to the dismissal of this action, and all claims in it, with prejudice. The wages Defendant agreed to pay compensate them for every week they worked, regardless of whether they made the equivalent of $3.02 per hour in tips or some lesser amount.

The parties agree that Plaintiff's settlement amount, along with the various covenants contained within the Agreement, are fair in light of the parties' competing contentions. Plaintiff's counsel believes that the claims in this action have merit and that the evidence to date supports the claims. However, Plaintiff's counsel recognizes that Seven One Seven has certain potential defenses to liability and damages, and acknowledges the expense and delay of continued lengthy proceedings necessary to prosecute this action against Defendant through trial and appeal. Plaintiff's counsel and Plaintiff have taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delays inherent in such litigation, including risks of litigating only to then

face potentially a motion for decertification. Plaintiff's counsel further recognizes that there is the potential for a trier of fact to conclude that Plaintiff is not entitled to relief under the FLSA or the Florida Minimum Wage laws, and even that the amounts agreed upon may be more than awarded by the trier of fact. Plaintiff's counsel believes that the Settlement Agreement confers substantial benefit upon the Plaintiff, and that independent review of the Agreement by the Court in the approval process will confirm this. Plaintiff Bodie, with the assistance and recommendation of his counsel, and by prior facilitation of the mediator, has concluded that this Agreement is in his best and the rest of the Plaintiffs best interests and is a fair and reasonable compromise.

Seven One Seven has denied and continues to deny all liability, and that Plaintiffs are owed any amount of wages. Instead, Defendant asserts that Plaintiffs all made at least the required minimum wage on average for all hours worked per workweek. Seven One Seven also has denied and continues to deny, *inter alia*, the allegations that all Plaintiffs have suffered damages by reason of the Defendants' use of an auto-filled tip sheet and its record keeping practices. In fact, Seven One Seven maintains that it has various factual and legal defenses that it could successfully assert in this action (or in separate actions filed by the opt-in class members), including the good faith defense to liquidated damages. Nonetheless, Seven One Seven has concluded that the further conduct of the action would be protracted and expensive, and that it is desirable that the action be fully and finally settled in a manner upon the terms and conditions set forth in the Agreement in order to limit further expense, inconvenience, and distraction. Seven One Seven has taken into account the uncertainty and risks inherent in any litigation. Seven One Seven,

therefore, has determined that it is desirable and beneficial to it that the action be settled in the manner set forth in the Agreement.

Finally, the parties advise the Court that the attorneys' fees and costs to be paid by Seven One Seven under the Agreement are not based upon the amounts claimed to be owed to the Plaintiff, such that there is no correlation between the amount of consideration to be paid to the Plaintiff and the attorneys' fees or costs to be paid by Seven One Seven to Plaintiff's counsel. Rather, the claimed attorneys' fees and costs in this case were analyzed and reviewed, and separately negotiated from the wages Seven One Seven agreed to pay the Plaintiff in the Agreement. Again, as explained in *Bonetti*: [where] the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach. *Bonetti*, 715 F. Supp. 2d at 1228.

In the instant case, the attorneys' fees and costs agreed to be paid by Seven One Seven to Plaintiff's counsel were negotiated separately and without regard to the amount Seven One Seven has agreed to pay to Plaintiff. As such, the recovery by Plaintiff was not adversely affected by the amount of the attorneys' fees and costs paid to Plaintiff's counsel. In sum, Plaintiff is represented by competent counsel, and the settlement amounts and terms were the subject of extensive negotiation and a formal mediation, and even further

negotiations in the weeks following the mediation.  The Settlement Agreement represents a fair and reasonable compromise of Plaintiff's claims – including issues involving liability, computation of overtime wages, and application of various defenses, all of which were actually in dispute – and should be approved by the Court.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

Respectfully submitted on this 17th day of September, 2018.


FELDMAN WILLIAMS, PLLC
6940 W. LINEBAUGH AVENUE #101
Tampa, Florida 33625
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mitch@feldmanwilliams.com

By: /s/ Mitchell L. Feldman
    MITCHELL L. FELDMAN, ESQ.
    Fla. Bar No. 0080349
    Attorney for Plaintiffs


COLE, SCOTT & KISSANE, P.A.
4301 W. Boy Scout Blvd.
Suite 400
Tampa, Florida 33607
Telephone: (813) 864-9324
Facsimile: (813) 286-2900
Email: brian.rubenstein@csklegal.com

By: /s/Brian D. Rubenstein
     Brian D. Rubenstein
     FBN: 0016997
     Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

<div style="margin-left:40%">

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant SEVEN-ONE-SEVEN PARKING SERVICES, INC.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9324
Facsimile (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail: patricia.toney@csklegal.com

</div>

By: /s/ Brian D. Rubenstein
BRIAN D. RUBENSTEIN
Florida Bar No.: 0016997